[No. 7372. Decided June 12, 1908.]

CHARLOTTE NORTHCRAFT *et al., Respondents,* v.
I. BLUMAUER *et al., Appellants.*[1]

CONTRACTS—SALES—RESCISSION—MUTUAL MISTAKE — RELIEF—IN-JUNCTION—DAMAGES. Where a sale of standing timber was made upon the basis of a cruise by one Y. at one dollar per thousand feet, and after part of the same was removed, Y. discovered that he had made a mistake in the boundary lines, thereby omitting a large quantity of the timber, and notified the purchasers to make good therefor to the vendor, which they refused to do, the vendor is entitled to an injunction restraining further removal of the timber and for damages for the timber taken.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered July 30, 1907, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action for an injunction and for damages. Affirmed.

*Vance & Mitchell,* for appellants.
*Troy & Falknor,* for respondents.

CROW, J.—Action by Charlotte Northcraft, in person and as guardian of Philip D. Northcraft, a minor, against I. Blumauer and the Blumauer Logging Company, a corporation, to enjoin the defendants from cutting and removing timber from certain land belonging to the plaintiffs, and to recover damages for timber already taken. From a final decree granting an injunction and awarding damages, the defendants have appealed.

Appellants insist that the trial court erred in denying their motion for nonsuit, and in entering judgment in favor of the respondents. The evidence shows that the respondents owned certain land in Thurston county upon a portion of which was a lot of growing timber which the respondent Charlotte

[1]Reported in 96 Pac. 1118.

Northcraft caused to be cruised by one Yantis, who estimated it at 300,000 feet; that by mistake he incorrectly located the boundary lines, thereby omitting a portion of the land and a large quantity of the timber; that Yantis afterwards became an employee of the appellants; that while he was such employee he advised them that he had cruised the timber at 300,000 feet; that the respondent Charlotte Northcraft thereafter negotiated a sale of the standing timber to the appellant I. Blumauer; that during part of the negotiations Yantis acted as agent for appellants; that according to respondents' contention the sale was based upon the incorrect cruise of 300,000 feet made by Yantis, at the agreed price of one dollar per thousand, and that she received $300 from Blumauer in payment.

The appellant I. Blumauer contends that he purchased the entire body of timber without regard to the number of feet involved or any fixed price per thousand, but we do not find that this contention is sustained by the preponderance of the evidence. The evidence further shows that, after a large portion of the timber had been removed, Mr. Yantis learned the correct boundary lines and discovered his mistake in making the cruise; that, from a subsequent cruise made by other parties employed by the respondents, it was ascertained that there had been a much larger quantity of timber upon the land; that thereupon Mr. Yantis directed the attention of the appellants to the mistake he had made, stated that it had entered into the contract of sale, and insisted that appellants should compensate respondents therefor; that they declined to do so; that he afterwards called the attention of respondents to the mistake, whereupon they, alleging mutual mistake, brought this action to rescind the contract, to enjoin the further removal of the timber, and to recover the value of that already taken.

The controlling issues before us are, whether, at the time the sale of the timber was made to the appellants by the re-

spondent Charlotte Northcraft, it was negotiated on the basis of 300,000 feet according to the Yantis cruise, at one dollar per thousand, and whether the parties thereby made a mutual mistake as to quantity. Although the trial court filed no findings of fact, it must have found these issues in favor of the respondents, holding that the sale was so negotiated and that a mutual mistake had been made. Although the evidence is conflicting, we think its preponderance fully sustains such findings. It is evident that, in ascertaining the amount of timber removed by the appellants, the trial court accepted the sworn statements of their own witnesses and fixed the same at 944,000 feet, of the value of $944, upon which $300 had been paid. The trial court therefore enjoined appellants from removing any further timber, and awarded respondents judgment for $644 as damages for the timber taken. This judgment is supported by the evidence and law, and is therefore affirmed.

HADLEY, C. J., MOUNT, DUNBAR, RUDKIN, ROOT, and FULLERTON, JJ., concur.